**Raul HUERTA PONCE, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 02–73157.

United States Court of Appeals, Ninth Circuit.

Submitted June 15, 2004.*

Decided June 23, 2004.

Arielle N. Bases, Esq., Law Office of Arielle Bases, Encino, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, OIL, Terri J. Scadron, Esq., Brenda M. O'Malley, Kurt B. Larson, David V. Bernalt, U.S. Department of Justice, Washington, DC, for Respondent.

Before: LEAVY, THOMAS, and FISHER, Circuit Judges.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2). We deny as moot

MEMORANDUM **

Raul Huerta Ponce, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") summary affirmance of an immigration judge's ("IJ") denial of his application for cancellation of removal. We dismiss the petition for review.

We lack jurisdiction to review whether Huerta Ponce demonstrated the requisite "exceptional and extremely unusual hardship" for cancellation of removal. *See Romero–Torres v. Ashcroft,* 327 F.3d 887, 892 (9th Cir.2003). We also lack jurisdiction to review Huerta Ponce's contention that the BIA's summary affirmance of the IJ's decision denied him due process because the hardship determination was not clearly controlled by legal precedent. *See Falcon Carriche v. Ashcroft,* 350 F.3d 845, 854 (9th Cir.2003).

We dismiss Huerta Ponce's contention that the IJ's interpretation of the hardship standard denied him due process. Under the facts of this case, this argument is foreclosed by *Ramirez–Perez v. Ashcroft,* 336 F.3d 1001, 1004 (9th Cir.2003), and, therefore, does not raise a colorable due process challenge. *See Torres–Aguilar v. INS,* 246 F.3d 1267, 1270–71 (9th Cir.2001) ("To be colorable ... the claim must have some possible validity.").

We need not consider whether Huerta Ponce established the requisite ten years of continuous physical presence because his failure to establish the requisite hardship is dispositive. *See* 8 U.S.C. § 1229b(b)(1); *Romero–Torres,* 327 F.3d at 889 (noting that an applicant must establish continuous physical presence, good

moral character *and* hardship to qualify for relief).

Pursuant to *Desta v. Ashcroft,* 365 F.3d 741 (9th Cir.2004), Huerta Ponce's motion for stay of removal included a timely request for stay of voluntary departure. Because the stay of removal was continued based on the government's filing of a notice of non-opposition, the voluntary departure period was also stayed, nunc pro tunc, to the filing of the motion for stay of removal and this stay will expire upon issuance of the mandate.

**PETITION FOR REVIEW DISMISSED.**

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

